Richard K. MISNER and Olive Misner, Appellants (Defendants Below),

v.

Wayne L. PRESDORF, Earnest Uhrich, Eugene V. Druart, Carl W. Frieartag, John A. Schwyn, Stanley O. Needham, Jr., Paul E. Larimer, Ralph Keck, Jr. and Oliver Lake Improvement & Conservation Association, Inc., Appellees (Plaintiffs Below),

LaGrange County Area Plan Commission, Third-Party Appellee (Third-Party Plaintiff Below).

No. 3–580A118.

Court of Appeals of Indiana, Third District.

June 10, 1981.

Rehearing Denied July 17, 1981.

LeRoy K. Schultess, LaGrange, for appellants.

Herbert E. Boase, LaGrange, for third-party appellee.

HOFFMAN, Presiding Judge.

Richard K. Misner and Olive Misner (Misners) appeal the judgment of the LaGrange Circuit Court which permanently restrains and enjoins them from expanding, altering or enlarging in any manner whatsoever, their campground situated on real estate in LaGrange County, Indiana.

The Misners are the owners of real estate situated on Oliver Lake in LaGrange County, Indiana, Wayne L. Presdorf, Earnest Uhrich, Eugene V. Druart, Carl W. Frieartag, John A. Schwyn, Stanley A. Needham, Jr., Paul E. Larimer, Ralph Keck, Jr. and Oliver Lake Improvement & Conservation Association, Inc., (Presdorf) also owners of real estate situated on Oliver Lake, filed a complaint alleging the Misners were in violation of a LaGrange County zoning ordinance (ordinance) in that they were operating a recreational vehicle park and/or mobile home park in violation of the ordinance. The LaGrange County Area Plan Commission (Commission) was a third-party plaintiff to the action.

On July 11, 1972 Misner appeared before the Commission and put on record his intention to develop a campsite and mobile home park. The ordinance was adopted with an effective date of August 15, 1973. On November 12, 1974 Misner approached the Commission and discussed a mobile home park but this matter was tabled. Misner proceeded to develop the land. This cause was filed on June 25, 1976.

The Misners present the following issues for review:

(1) Was the judgment of the trial court which limits the Misners to ten campsites with facilities and three campsites without facilities contrary to law and supported by sufficient evidence?

(2) Did the trial court commit reversible error when it failed to rule upon the Commission's motion to conform to the proof?

"(3) Was the Trial Court's judgment as it relates to the existence of defendants' campground and mobile home park and the defendants' alleged failure to comply with administrative requirements contrary to law and not supported by evidence introduced at trial?"

(4) Did the trial court prohibit the Misners from complying with State Board of Health regulations? [1]

Prior to August 1973 the Misners were developing campsites on their land. The ordinance which became effective August 15, 1973 rezoned their land to agricultural and lake resort, neither of which permitted the operation of a recreational vehicle or mobile home park.

However, the ordinance provided for non-conforming uses of land:

"SECTION 503: Non-Conforming Uses of Land. If, at the effective date of adoption or amendment of this Ordinance, lawful use of land exists that is made no longer permissible under the terms of this Ordinance as enacted or amended, such use may be continued subject to the following provisions:

503.1 No non-conforming use shall be enlarged or increased, nor extended to occupy a greater area of land than was occupied at the effective date of adoption or amendment of this Ordinance[.]"

The trial court found that the Misners met their burden of proof by establishing they did have a campground started before August 15, 1973 and that the campground constituted a valid non-conforming use. Therefore, the dispute surrounds whether or not this non-conforming use has been enlarged, increased or extended.

---

1. The Misners raise a fifth issue generally challenging the decision as contrary to law and not supported by the evidence, but they fail to specifically argue this issue in their brief and thus, it is waived.

It was up to the trial court to determine the extent of the campgrounds at the time the ordinance became effective. The question was not what the Misners intended the final full development of the land to be, but rather, what was in existence as of August 15, 1973, since that is the limitation put upon the land by the ordinance.

The trial court found that the entire area between the county road and Oliver Lake, the channel and the ditch, constituted the campground area. The court also found that the campground was not to be expanded, altered or enlarged in any manner beyond ten campsites with facilities and three primitive campsites without facilities. The Misners challenge the determination made by the trial court as to the number of campsites, contending that the trial court focused on the intensity of the use rather than the purpose of the use.

Neither the intensity nor the purpose of the use as the Misners would have it is relevant to the decision the trial court had to make, that is, how many campsites existed on the effective date of the ordinance.

■ The ordinance specifically says the non-conforming use shall not be enlarged, increased or extended. The Court of Appeals must interpret a zoning ordinance as it is written. *Bd. of Zoning v. New Testament Bible Church* (1980), Ind.App., 411 N.E.2d 681. Cases such as the one before us are also viewed in light of the fact that the ultimate purpose of zoning regulations is to confine certain classes of uses and structures to certain areas. Non-conforming uses are not generally favored since they detract from attainment of that purpose and, thus the policy of zoning ordinances is to secure the gradual or eventual elimination of non-conforming uses and to restrict or diminish, rather than increase, such uses. *Jacobs v. Mishawaka Bd. of Zon. App.* (1979), Ind.App., 395 N.E.2d 834. Such policy embodied in a zoning regulation is important to the trial court in determining the extent and character of changes which will not destroy the character of a non-conforming use. *City of Beech Grove v. Schmith* (1975), 164 Ind.App. 536, 329 N.E.2d 605.

The trial court in this instance found that the Misners' campground should be limited not only in area but in the number of campsites and facilities that existed as of August 15, 1973. This the trial court should have done since any additional campsites or facilities would constitute "enlargements," "increases," or "extensions." The trial court found that ten campsites with facilities and three primitive campsites existed on the effective date of the ordinance and limited the campsites to that number in the injunction. The Misners challenge the sufficiency of the evidence supporting this determination.

■ In reviewing a trial court judgment challenged as being based on insufficient evidence, not only will the Court of Appeals refuse to weigh the evidence or judge the credibility of the witnesses, it will view the evidence in a light most favorable to the judgment. The Court is also mindful of the principle that on appeal, the Court shall not set aside the findings or judgment unless they are clearly erroneous. In other words, the Court of Appeals will not reverse a judgment unless the evidence is uncontradicted and will support no reasonable inference in the trial court's favor. *City of Beech Grove, supra.*

■ In order to reach the result requested by the Misners this Court would be required to violate each of the above mentioned principles of appellate review. A review of the record shows that several witnesses testified as to the number of campsites in existence or units using the campground at the time the ordinance went into effect and each testified to a different amount. One witness testified that he believed there to be ten campsites at that time and Mr. Misner testified that he did not have over three primitive camping groups at one time.

Therefore, there appears to be sufficient evidence to support the trial court's judgment. To reverse in this instance would mean this Court would be forced to reweigh the evidence and judge the credibility of the

witnesses. The judgment of the trial court was supported by sufficient evidence and was not contrary to law.

■ The second issue raised by the Misners relates to the failure of the trial court to rule upon the Commission's motion to conform to the proof. Any error which might have arisen from the lack of a ruling has been effectively waived.

Trial Rule 53.1 of the Ind. Rules of Procedure provides for the action to be taken in a situation where a trial court fails to rule on a motion within thirty days after it was filed or heard. Affirmative action by counsel is a prerequisite to the operation of the rule. *Lewis v. Burke, Extr.* (1972), 257 Ind. 597, 277 N.E.2d 161. No such action was taken in the cause before us. The Indiana Supreme Court held in *Jolly v. Modisett et al.* (1971), 257 Ind. 426, 275 N.E.2d 780, that to permit a party to wait out the time period without taking the steps to effect a withdrawal, and then to raise the issue when the decision goes against him, would be to permit him to take advantage of error he had waived. "By estoppel, the party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit, or which were the natural consequences of his own neglect or misconduct." *Jolly, supra* at 782. *See also, Marotta v. Iroquois Realty Co.* (1980), Ind.App., 412 N.E.2d 797.

The next issue as presented by the Misners apparently relates to the sufficiency of the trial court's determination regarding administrative requirements. The Misners contend the trial court found that they failed to comply with administrative requirements governing their campground.

A review of the judgment of the trial court fails to reveal any findings to support the Misners' contention and they did not relate them to us in their brief.

As stated before, the court found that they had met their burden of proving the existence of their campground, as a non-conforming use prior to the effective date of the ordinance. Finding of fact # 4 states that the Misners put on record their intended development of camping sites and a mobile home park. The only finding which can be inferred from their argument that the Misners might be challenging, is finding # 12. This finding states that the Misners have never registered their intent to establish a mobile home *subdivision*, but that their land is not being used for such a purpose. Perhaps this confusion is a result of the zoning ordinance definitions of mobile home *park* versus mobile home *subdivision*. Findings of fact # 8 and # 18 both state that the Misners received the proper permits from the necessary administrative agencies before completing those improvements. Therefore, the Misners' argument appears to be without merit.

■ The Misners further contend that this cause should be barred by the doctrine of laches. However, Trial Rule 8(C) of the Ind. Rules of Procedure lists laches as an affirmative defense which must be specifically pleaded. The Misners argue that this rule does not apply since no responsive pleading was required on their behalf. While it is true that Trial Rule 65(A)(4) does not require responsive pleadings, Trial Rule 65(A)(4) specifically applies only to preliminary injunctions. The complaint in this cause sought, in addition to a preliminary injunction, a permanent injunction and costs. *City of Ft. Wayne et al. v. State ex rel. Hoagland* (1976), 168 Ind.App. 262, 342 N.E.2d 865. Therefore, the Misners have waived the defense of laches.

Another argument advanced by the Misners was that the judgment resulted in an unconstitutional taking of their land without due process. They base this argument on the case of *Jacobs v. Mishawaka Bd. of Zon. App., supra*, Ind.App., 395 N.E.2d 834. However, a close reading of *Jacobs* reveals that the case stands for the proposition that an ordinance prohibiting *any* continuation of an existing lawful use within a zoned area is unconstitutional as a taking of property without due process of law and as an unreasonable exercise of police power. The trial court's judgment in this cause allows the non-conforming use to continue, and thus, this argument too is without merit.

The final issue raised by the Misners surrounds the trial court's judgment allegedly prohibiting them from complying with State Board of Health regulations. They argue that no evidence was presented at trial on the matter, but the restrooms may need to be expanded to meet State Board of Health requirements.

If in fact, additional restroom facilities are needed to meet State Board of Health requirements for the thirteen campsites, the trial court's judgment allows for this. Finding of fact # 27 states that the restroom facilities may be improved as necessary to meet applicable health and sanitary regulations and the same is repeated in section J of the injunction. Therefore, Misners' argument does not prevail.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

STATON, J., concurs.

GARRARD, J., concurs in result.