Ralph D. AILES and Elizabeth J. Ailes, Appellants,

v.

DECATUR COUNTY AREA PLANNING COMMISSION and Decatur County Board of Zoning Appeals, Appellees,

and

Melvin T. ROUSE, Appellant,

v.

RIPLEY COUNTY AREA PLAN COMMISSION, Appellee.

No. 583S171.

Supreme Court of Indiana.

May 12, 1983.

Rehearing Denied Aug. 4, 1983.

Jack R. Shields, Batesville, for appellants Ralph D. Ailes, Elizabeth J. Ailes and Melvin T. Rouse.

George R. Watts, Watts & Polanski, P.C., Greensburg, for appellees Decatur County Area Planning Com'n and Decatur County Bd. of Zoning Appeals.

Stephen T. Taylor, Eaton & Taylor, Versailles, for appellee Ripley County Area Plan Com'n.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals. Transfer is sought by Appellants in the Court of Appeals, who were Defendants in the trial court. Appeal was consolidated challenging the constitutionality of amortization provisions in the zoning ordinances of two different counties, both of which require the discontinuance of pre-existing lawful non-conforming uses of real estate upon the expiration of a specific number of years. After injunctions were issued against Appellants Ralph and Elizabeth Ailes and Rouse, enjoining them from

operating junkyards at their residences, both the Aileses and Rouse brought independent Motions in their own counties for relief from their respective judgments pursuant to Ind.R.Tr.P. 60(B), alleging the applicable amortization provision constituted an unconstitutional taking of property and an unreasonable exercise of police power. Both Motions were denied and the parties appealed, raising only the constitutional issue for appellate consideration. Transfer is granted, the opinion of the Court of Appeals is vacated, and the judgments of the trial courts are reversed.

Both appeals were brought on agreed statements of the records and the facts in both cases are undisputed. The Court of Appeals properly set out the facts pertinent to the issue which we adopt for purposes of this opinion as follows:

## "FACTS

Both appeals come before us on agreed statements of the records, pursuant to Ind.Rules of Procedure, Appellate Rule 7.3. The facts in both causes are undisputed. The Aileses' real estate, on which they also resided, had been used as a junkyard and automobile wrecking yard since 1967 or 1968, before the effective date of the Decatur County zoning ordinance enacted in 1975 and continued uninterrupted until the date of suit in 1979. In 1975, Decatur County zoned an area, which included the Aileses' residence, for one and two family residences only and prohibited the maintenance of junkyards (Footnote omitted) or automobile wrecking yards (Footnote omitted) within that district. The Aileses do not dispute the use of their real estate in the current manner is proscribed by the ordinance, and the trial court so found. (Footnote omitted.) The trial court also found the use of the real estate constituted a lawful nonconforming use which should have been abated within three years of the ordinance's enactment in 1975 under the following amortization provisions:

'3.23. Any nonconforming use of land not involving any structure, . . . may be continued for a period not to exceed three years after enactment of the ordinance, whereupon such nonconforming use shall cease or structure shall be removed.

3.24. Any building or structure devoted to a nonconforming use with a fair market value of less than $500.00 as determined by the Board of Appeals, may be continued for a period not to exceed three years after enactment of the ordinance, whereupon such nonconforming use shall cease and thereafter such building or structure shall be removed or changed to a conforming use.'

On September 18, 1979 the trial court therefore issued an injunction against the use of the property as a junkyard and ordered removal of the offending materials. The Aileses moved for relief from the judgment challenging the constitutionality of the amortization provisions. The trial court overruled their motion. On appeal, both parties state there is no issue of fact but only an issue of law which questions whether an amortization provision eliminating a 'non-conforming, pre-existing, uninterrupted, otherwise lawful use' of real estate is a taking of property without due process and an unreasonable exercise of police power.

Rouse's appeal presents a similar record. Rouse began using his residential real estate as a junkyard in approximately 1953. In 1970, Ripley County zoned the district including Rouse's real estate for medium density single and two-family residences, where junkyards (Footnote omitted) are not permitted. Rouse does not challenge the trial court's finding that he is maintaining a junkyard in violation of the ordinance, nor does he challenge the applicability of the following amortization provision contained in Section 3.5 of the ordinance:

'The lawful use of a building or premises existing at the time of passage of the ordinance, may be continued although such use does not conform to all the provisions of this ordinance or amendments to this ordinance except as hereinafter provided.

. . . .

(g) Any nonconforming open use of land shall be discontinued within (5) years from the date of passage of this ordinance.' [Footnote omitted].

On August 8, 1978 the trial court issued an injunction ordering removal of all junked equipment and automobiles from Rouse's real estate. Rouse moved for relief from the judgment alleging the amortization provision was unconstitutional. The trial court's subsequent finding that the challenged provision was not an unconstitutional taking of property without due process of law is the only question raised in Rouse's appeal."

Appellant-Petitioners Ailes and Rouse challenge the respective amortization provisions as an unconstitutional taking of property and as an unreasonable exercise of police power. Petitioners are correct on this issue.

The precise issue of amortization as a means of phasing out non-conforming uses by zoning regulation has not been directly addressed in this jurisdiction. In approving less drastic measures of phasing out, however, strong inferences have been made that such a direct approach would not be acceptable. *Metropolitan Development Commission of Marion County v. Marianos,* (1980) Ind., 408 N.E.2d 1267; *Misner v. Presdorf,* (1981) Ind.App., 421 N.E.2d 684, *transfer denied; Jacobs v. Mishawaka Board of Zoning Appeals,* (1979) Ind.App., 395 N.E.2d 834, *trans. denied; Dandy Co., Inc. v. Civil City of South Bend,* (1980) Ind.App., 401 N.E.2d 1380. Typically the provisions of the zoning ordinances upheld in those cases and generally approved by this Court and the Court of Appeals allowed a use which was non-conforming to the area to continue with the limitations that exercise of the use could not be expanded or increased beyond its status at the time of the passage of the ordinance, exercise of the use could not be reinstated after there was an abandonment of it in the area by the original user or one successor to it, destruction of the enclosure housing the exercise of the use such as destruction by

fire, authorized replacement again to the level existing at the time of enactment of the ordinance and in some cases replacement of that particular non-conforming use with another non-conforming use that fell in the same class of uses as the original non-conforming use. By this method there was a gradual phasing out of non-conforming uses without taking from the user the right to exercise a use that was lawful prior to the enactment of the ordinance so long as all of the conditions and limitations were met. *Metropolitan Development Commission, supra; Jacobs, supra; Misner, supra.*

In *Jacobs,* the Court of Appeals, in discussing the methods of phasing out non-conforming uses by municipalities in their zoning ordinances, stated:

"Zoning ordinances contain provisions exempting existing non-conforming uses from the use restrictions because the right of a municipality to enact zoning restrictions is subject to the vested property interest acquired prior to the enactment of the zoning ordinances. An ordinance prohibiting any continuation of an existing lawful use within a zoned area is unconstitutional as a taking of property without due process of law and as an unreasonable exercise of police power."

*Jacobs,* 395 N.E.2d at 836.

As the Court of Appeals pointed out in *Jacobs,* a number of jurisdictions have taken this position and have found amortization provisions in zoning ordinances respecting non-conforming uses are unconstitutional *per se.*

The Court of Appeals points out in the instant case that though there is a divergence of opinion among the various jurisdictions, the greater weight of authority supports the use of amortization provisions if they are reasonable, usually weighing the private loss against the public gain in each case. *See Annot.,* 22 A.L.R.3rd 1134 §§ 3 & 4 (1968 and Supp.1981) and cases cited therein. The factors to be considered in those approving amortization appear to be the length of time given to phase out the use, the type of business or endeavor exercised, and the nature of the business or use

and its relationship to the neighborhood or area involved. From a constitutional standpoint, it does not appear that a resolution of any of these factors can make that reasonable which is basically and from the outset unreasonable. We must bear in mind that we are dealing with a use of a person's private property that was continuing and lawful at the time of the passage of the ordinance. It became unlawful only by reason of the provisions of the ordinance. The nature of the business, its relationship to the rest of the area, the method in which it is run, its potential success or failure based on the income or lack thereof, are irrelevant considering the narrow issue drawn in the facts before us.

It was suggested in both of the cases involving the Aileses and Rouse, that their premises were nothing more than junk piles, that it was questionable if any business was conducted there since there was little evidence of any income to them, that they represented a blight on the community and the loss to them would be negligible compared to the gain of the public in general and more particularly their neighbors. These factors could not be considered in this issue. These actions in both cases of the Aileses and Rouse were brought only for enjoining zoning ordinance violations and were based solely upon allegations that Appellants' use of their real estate was in violation of the provisions of the zoning ordinances. There is no allegation nor implication in these causes that the real estate of either of the Appellant-Petitioners here constituted a nuisance. As Petitioners point out, the complaints contain absolutely no allegations that Appellants' use of their real estate jeopardize the health and safety of their neighbors and therefore constituted a nuisance or in any other manner constituted a nuisance. If either community of Decatur County or Ripley County has evidence that the use of the properties of the Aileses and Rouse constitute a nuisance, a blight, or a danger to the health and safety of the community, they have open to them the remedy of pursuing enjoining of petitioners' activities as a nuisance. That issue is not before us here.

As we consistently have held, it is permissible for a community to provide in its zoning ordinances that the lawful use of land that exists at the time of the passage of the ordinance is no longer permissible under the terms of the ordinance, may be continued subject to the provisions that no non-conforming use shall be enlarged or increased or extended to occupy a greater area of land than was occupied at the effective date or adoption of the ordinance or amendment, that once abandoned, the use may not be reinstated or the use may be replaced by one of the same or similar nature and not more restrictive than the use employed. We hold, however, that an ordinance prohibiting any continuation of an existing lawful use within a zoned area regardless of the length of time given to amortize that use is unconstitutional as the taking of property without due process of law and an unreasonable exercise of the police power. The opinion of the Court of Appeals is vacated, and the judgments of the trial courts are reversed with instructions to the trial courts to vacate the respective injunctions and orders against the petitioners and enter judgment in favor of these petitioners.

GIVAN, C.J., and PRENTICE, J., concur.

DeBRULER, J., concurs in result with separate opinion.

HUNTER, J., dissents with opinion.

DeBRULER, Justice, concurring in result.

The first step in determining the constitutionality of a statute or ordinance is to extract its meaning, purpose and scope. *Board of Com'rs. v. Kokomo City Plan Commission*, (1975) 263 Ind. 282, 330 N.E.2d 92. In pertinent part, these ordinances seek to subject a particular type of established nonconforming use to extinguishment by amortization. The Decatur County ordinance applies the amortization technique to uses of "land not involving any structure" and to "Any building or structure ... with a fair market value of less than $500.00". The

Ripley County ordinance applies it to "open use of land" and within the terminology utilized, "land" is either hopelessly ambiguous or it refers to an area without related and appurtenant buildings. At the outset, I am led to the conclusion that neither ordinance is intended to subject an established non-conforming use of a yard surrounding a private residence to extinguishment by amortization. Accordingly, I would vote to reverse these judgments on this legal basis, and await a more appropriate occasion to deal with the constitutional issues, even though the parties may have limited the appeal to them.

HUNTER, Justice, dissenting.

I must respectfully dissent from the majority opinion. The ultimate purpose of zoning regulations is to promote the public's health, safety, convenience, and welfare by regulating the uses of private property within certain areas. This has consistently been recognized as a legitimate and constitutionally valid exercise of the state's police power. *Field v. Area Plan Commission of Grant County, Inc.,* (1981) Ind.App., 421 N.E.2d 1132. There must necessarily be some private loss whenever regulations involving the general public welfare are enacted. But courts have almost universally adopted a balancing approach by weighing the private loss against the public gain in each individual case and have consistently upheld restrictive requirements when they have proven to be *reasonable* under the particular facts and circumstances of the case. *Bird v. Delaware Muncie Metropolitan Plan Commission,* (1981) Ind.App., 416 N.E.2d 482.

While zoning legislation may lower the property value or otherwise create hardship for an individual property owner, this loss must be measured against the public's gain, and the individual owner is compensated by sharing in the general public benefit of living in a reasonably regulated society. The decision to terminate nonconforming uses, and the method to be used, should be made by the appropriate legislative body and include a balancing of the loss by the individual with the public good sought to be achieved. Our standard on review only needs to be the test of "reasonableness." *See Art Neon Co. v. City and County of Denver,* (10th Cir.1973) 488 F.2d 118, and cases cited therein.

The issue of the amortization of nonconforming uses is of significant consequence to local planning and zoning efforts in this state. An absolute prohibition against amortization will defeat the purpose of zoning efforts, for the gradual elimination of a use not compatible with the public welfare could not be accomplished. I feel that it is obvious that the constitutionality of any fixed period for amortization in each case would depend upon the nature of the nonconforming use, the extent of the private loss, and the amount of time necessary to liquidate the investment in the nonconforming use. These factors must be balanced in each case with the public benefit that will be gained, as measured by the impact of the cessation of the nonconforming use on the environment, health, safety, and welfare of the public. This balancing method is the only way to accord respect to the competing public and private interests.

The case of *Jacobs v. Mishawaka Board of Zoning Appeals,* (1979) Ind.App., 395 N.E.2d 834, is not controlling on the issue of amortization of nonconforming uses as that case dealt with an alleged *expansion* of a nonconforming use; it did not involve an amortization period. While it may be true as pointed out in that case that an ordinance prohibiting *any* continuation of an existing lawful use is unconstitutional, amortization is a method for the *gradual* elimination of the nonconforming use and does not constitute an immediate restriction to a vested property interest. The rapidity of the elimination of the nonconforming use would depend upon the length of the period of amortization and if the period were too short in duration to accommodate the property owner, the period would be unconstitutional as applied and the individual's due process rights are thus protected. Amortization periods are not always "rapid" and come in many different lengths and types. The case-by-case balancing method of re-

view is as necessary in amortization cases as it is in other areas of zoning problems.

I agree with Judge Miller's reasoning and conclusions in the instant case:

"[T]he greater weight of authority supports the use of amortization provisions if they are reasonable, usually weighing the private loss against the public gain in each case. *See Annot.,* 22 A.L.R.3d 1134 §§ 3, 4 (1968 & Supp.1981).

"We find this latter approach to be the more well-reasoned view under the circumstances before us. The absolute prohibition of amortization may unnecessarily impede the legitimate goal of zoning to eliminate nonconforming uses in the public interest.

*   *   *   *   *   *

"In theory, amortization provides a grace period in which the user may continue the nonconforming use, amortize the investment and make future plans. The amortization period may well provide the user with more time than necessary to realize the economic life of the nonconforming use. This factor is not dispositive, however, and may have no applicability to the open use of land, as opposed to the use of a structure. Several elements must therefore be considered in determining the reasonableness of a given amortization provision as applied to particular circumstances. For example, the public benefit may be determined by considering the offensiveness of the nonconforming use in view of the surrounding neighborhood; the private loss may be measured by the value of the nonconforming use, the damages incurred by compliance including the hardship imposed on the user, and the length of time allowed for amortization. *Annot.,* 22 A.L.R.3d 1134, *supra.*

"In the record before us, there is no evidence indicating the degree, if any, of hardship or loss to the landowners which will be occasioned by compliance with the zoning ordinances.

*   *   *   *   *   *

"Neither the Aileses nor Rouse present a record of any evidence on these factors which would allow this Court to balance the interests involved and determine the reasonableness of the amortization provisions as applied to their property. On the other hand, we are confronted with the inherently debilitating effects of maintaining a junkyard in a residential neighborhood and the resultant legitimate interests of the state in eliminating nonconforming uses for the public welfare. We find the amortization provisions at issue in the instant case are not unconstitutional per se.

"We do not hold all amortization provisions are constitutional per se or as applied under all circumstances. Even an amortization provision valid on its face may be found unconstitutional as applied to a particular parcel of real estate after weighing the pertinent factors, some of which are enumerated above. The rule of reasonableness must prevail, considering the public gain versus the private loss. As in all zoning cases, each case must be decided on its own facts. *Nelson v. Board of Zoning Appeals of Indianapolis,* (1959) 240 Ind. 212, 162 N.E.2d 449; *Jacobs v. Mishawaka Board of Zoning Appeals, supra." Ailes v. Decatur County Area Planning Com'n,* (1982) Ind.App., 437 N.E.2d 1375, 1379–80 [footnotes omitted].

I would deny transfer and affirm the judgment of the trial court.