**Loyd BERKEY, Betty Berkey, and Bud E. Van Scoik, Appellants–Defendants,**

v.

**KOSCIUSKO COUNTY BOARD OF ZONING APPEALS, Appellee–Plaintiff.**

No. 43A03–9207–CV–209.

Court of Appeals of Indiana, Third District.

Jan. 28, 1993.

Transfer Denied April 8, 1993.

Stephen R. Snyder, Donald K. Broad, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellants-defendants.

Michael W. Reed, Reed & Earhart, Warsaw, for appellee-plaintiff.

HOFFMAN, Judge.

Appellants-defendants Loyd Berkey, Betty Berkey, and Bud E. Van Scoik appeal the trial court's issuance of an injunction against them and entry of summary judgment in favor of the Kosciusko County Board of Zoning Appeals (BZA).

The facts relevant to the appeal disclose that on November 1, 1991, the BZA brought an action for a permanent injunction against appellants, alleging that they expanded a pre-existing, nonconforming use of their property as an automobile junkyard in an area zoned for agricultural use. Appellants filed an answer then a motion for judgment on the pleadings which the trial court converted to a motion for summary judgment pursuant to the agreement of the parties. After the filing of affidavits by the parties, the court issued the injunction and entered summary judgment in favor of the BZA. This appeal ensued.

Appellants raise three issues for review on appeal:

(1) whether the zoning ordinance was invalid due to insufficient notice of its adoption hearing;

(2) whether the complaint was invalid due to the absence of the signature of the ordinance administrator; and

(3) whether the trial court erred in issuing an injunction against appellants for their nonconforming use of the property.

In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. According to Ind. Trial Rule 56(C), the party moving for summary judgment must specifically designate to the trial court the evidentiary matter on which it relies for purposes of the motion. Here, the only evidentiary matter appellants designated to the trial court in their motion concerned the nonconforming use issue. Appellants did supplement the record with an affidavit which indicated that the court also addressed the ordinance issue at the summary judgment hearing; however, the record contains no evidence of any designation as to the complaint issue. Therefore, in accordance with T.R. 56(C), this Court will address only the ordinance and nonconforming use issues.

■ Appellants claim the zoning ordinance under which the action was brought was invalid due to insufficient notice of its adoption hearing. As both parties note, ordinances are presumptively valid, and the party challenging an ordinance bears the burden of proving invalidity. *Day v. Ryan* (1990), Ind.App., 560 N.E.2d 77, 85. IND. CODE § 18-7-4-48, the notice statute in effect at the time of the adoption of the relevant ordinance, provided, in pertinent part, as follows:

"Prior to the adoption of a comprehensive zoning ordinance, the commission shall give ten (10) days' notice by publication in a newspaper of general circulation within the county, and hold a public hearing in the city in which its offices are located. The commission, in its discretion, may also give notice and hold hearings at other places within the county where the distribution of population or diversity of interests of the people indicate that such hearings would be desirable."

The parties do not dispute that publication in the instant case occurred 21, 20, 14, and 13 days prior to the hearing; however, appellants argue that the statute required *exactly* 10 days' notice while the BZA argues that the statute required *at least* 10 days' notice. For the reasons discussed below, this Court agrees with the BZA.

■ The objective in statutory construction is to determine and effect the intent of the legislature. *Matter of Lawrance* (1991), Ind., 579 N.E.2d 32, 38. This

Court examines statutes as a whole, giving plain and ordinary meaning to the words used. *Id.* The language of IND.CODE § 18–7–4–48 regarding notice is clear and unambiguous: "the commission shall give 10 days' notice by publication in a newspaper of general circulation within the county." This Court finds the plain meaning of these words to require at least 10 days' notice prior to the public hearing. The ordinance, therefore, was not invalid due to insufficient notice of its adoption hearing.

Appellants also argue that the trial court erred in issuing an injunction against them. Neither appellants nor the BZA disputes that, over the years, appellants extended their junkyard operation from a small portion of the property to the vast majority of it. However, appellants contend their nonconforming use of the property was merely an intensification rather than an expansion and, thus, permissible under the relevant zoning ordinance.

The ultimate purpose of zoning ordinances is to confine certain classes of uses and structures to certain areas. Nonconforming uses are not generally favored since they detract from attainment of that purpose; therefore, the policy of zoning ordinances is to secure the gradual or eventual elimination of nonconforming uses and to restrict or diminish, rather than increase, such uses. Such policy embodied in a zoning ordinance is important to the trial court in determining the extent and character of changes which will not destroy the character of a nonconforming use. *Misner v. Presdorf* (1981), Ind.App., 421 N.E.2d 684, 686.

The relevant section of the Kosciusko County zoning ordinance provides as follows:

"A non-conforming use may be continued, but may not be extended, expanded, or changed unless to a conforming use, except as permitted by the Board of Zoning Appeals, in accordance with the provisions of this Ordinance."

Kosciusko County Zoning Ordinance § 3.61. In *Stuckman v. Kosciusko Co. Bd. of Zon. App.* (1987), Ind., 506 N.E.2d 1079, our Supreme Court held that the above section did not permit the shifting of an automobile graveyard from one set of lots to another on the same parcel of land. Appellants attempt to distinguish *Stuckman* from the instant case since there were no separate lots on the property in question; however, this Court finds the distinction to be one without a difference.

In further support of their position, appellants cite § 5.51 of the ordinance which states as follows:

"A non-conforming use which occupies a portion of a structure or premises may be extended within such structure or premises as they exist when the prohibitory provision took effect, but not in violation of the area and yard requirements of the district in which such structure or premises are located."

Since they did not extend their junkyard operation beyond the borders of their property, appellants contend their nonconforming use falls within the coverage of § 5.51. However, as previously discussed, it is the trial court's responsibility to assess the scope of the nonconforming use on the effective date of the ordinance. *Misner* at 686. Here, the trial court limited appellants' nonconforming use of the property to those areas which had been in use as a junkyard at the time of the enactment of the ordinance. The trial court did not err in issuing the injunction against appellants.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.