**FIDELITY FINANCIAL SERVICES, INC., Appellant–Plaintiff,**

v.

**John A. SIMS, Ernestine Murphy Sims, Marko Suljagic, Charmaine Suljagic, Auto Sales and Service, Inc., Board of Commissioners of Marion County, City of Indianapolis, Department of Public Works, Auditor of Marion County, Treasurer of Marion County and Assessor of Marion County, Appellees–Defendants.**

No. 49A02–9306–CV–263.

Court of Appeals of Indiana,
Third District.

March 21, 1994.

William F. Thompson, Indianapolis, for appellant.

H. Kim TeKolste, Indianapolis, for appellees Marko and Charmaine Suljagic.

HOFFMAN, Judge.

Appellant-plaintiff Fidelity Financial Services, Inc. appeals the trial court's entry of summary judgment in favor of defendants-appellees Marko Suljagic and Charmaine Suljagic.[1]

The facts pertinent to the appeal are not disputed by the parties. In November 1986, Fidelity recorded its mortgage on property owned by John A. Sims and Ernestine Murphy Sims. In February 1988, Fidelity instituted foreclosure proceedings based upon the Sims' default. A foreclosure decree was entered in March 1988.

Because property taxes had not been paid, in 1987 the Marion County Auditor included the property in the Marion County Tax Sale. The auditor did not send notice of the pending sale to Fidelity. No bids were received on the property.

Again in 1988, the property was included in the tax sale. Again, the auditor did not send notice to Fidelity. As in 1987, no bids were received.

After the second consecutive year that the property went unsold, a Certificate of Sale was issued to Marion County. Prior to expiration of the redemption period, on October 19, 1989, the auditor attempted to notify Fidelity of the tax arrearage. However, notice was sent to Fidelity Financial at 11550 N. Meridian, Indianapolis, Indiana 46290. At all times relevant to this appeal, Fidelity's address has been 7002 Graham Road, Suite 214, Indianapolis, Indiana 46220. Fidelity's address was listed on documents recorded in the Marion County Recorder's Office.

Marion County and the City of Indianapolis conveyed, by quit claim deed, their interests in the property to the Suljagics in September 1990. Shortly thereafter, in November 1990, Fidelity instituted these proceedings requesting *inter alia* the tax title deed issued to Marion County by the auditor and the quit claim deed to the Suljagics be declared null and void.

Both Fidelity and the Suljagics moved for summary judgment. On February 3, 1993, judgment was entered in favor of the Suljagics.[2]

---

1. The other defendants are not participating in this appeal.

2. The judgment, pursuant to the Suljagics' motion, is for dismissal or in the alternative, summary judgment. Because matters outside the pleadings were presented to and not excluded by the court, the motion for dismissal under Ind.Trial Rule 12(B)(6) would be treated as one for summary judgment.

On appeal, Fidelity contends that Marion County's tax deed should be set aside based upon the auditor's failure to provide actual notice to Fidelity of the property's inclusion in the 1987 and 1988 tax sales, and the expiration of the redemption period.

■ Although the trial court entered findings of fact and conclusions of law, when reviewing a motion for summary judgment this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Brockmeyer v. Fort Wayne Public Transp.* (1993), Ind.App., 614 N.E.2d 605, 606. Where as here, the material facts are not in dispute, the issue is the application of the law to the facts.

■ At the time the property was included in the 1987 and 1988 tax sales, IND.CODE § 6–1.1–24–4.2 (1988 Ed.) (repealed 1989), required the county auditor to send notice to the last known address of all persons having a substantial property interest of public record in property that would be affected by the sale either before or after the sale. The statute provided:

"The county auditor shall mail the notice at least twenty-one (21) days before the date of sale or not more than ninety (90) days after the sale of the tract under this chapter."

IND.CODE § 6–1.1–24–4.2(b) (1988 Ed.) (repealed 1989).

Fidelity contends that the statute requires notice, if not both before and after the sale, at a minimum one of those times. Because no notice was sent in 1987 or in 1988, Fidelity argues that the cause must be reversed.

The Suljagics contend that because the statute is written in the disjunctive, notice may be sent at either time. Further, the Suljagics allege that no error occurred in failing to send notice in 1987 and 1988 inasmuch as the property was not sold. The plain language of the statute requires notice "before the date of the sale or . . . after the sale." Consequently, under the Suljagics' interpretation, if notice is not given prior to the sale, no notice would be required if the tract is not sold.

■ The objective in statutory construction is to determine and effect the intent of the legislature. *Berkey v. Kosciusko County* (1993), Ind.App., 607 N.E.2d 730, 731. This Court examines statutes as a whole, giving plain and ordinary meaning to the words used. *Id.* at 731–732. Further, courts may read into a statute words which are palpably omitted, if the legislative intent can be discerned from the statute. *Second Nat. Bank v. Massey–Ferguson Credit* (1985), Ind.App., 478 N.E.2d 916, 917.

■ A determination that notice to a mortgagee is not required would not comport with due process. *See Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 798, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180. By virtue of their legally protected property interest, mortgagees are entitled to notice reasonably calculated to apprise them of a pending tax sale. *Id.* Notice must be either to the mortgagee's last known available address or by personal service. *Id.* Further, the court in *Mennonite* noted:

"This appeal also presents the question whether, before the County Auditor executes and delivers a deed to the tax-sale purchaser, the mortgagee is constitutionally entitled to notice of its right to redeem the property. Cf. *Griffin v. Griffin*, 327 U.S. 220, 229, 66 S.Ct. 556, 560–561, 90 L.Ed. 635 (1946). Because we conclude that the failure to give adequate notice of the tax-sale proceeding deprived appellant of due process of law, we need not reach this question."

*Id.* 462 U.S. at 800 n. 6, 103 S.Ct. at 2712 n. 6.

Consequently, due process requires notice, reasonably calculated to apprise a mortgagee of a *pending* tax sale. *Id.* at 798, 103 S.Ct. at 2711. To interpret Indiana's former statute as not requiring notice prior to the sale, or after property is offered in a tax sale if it is not actually sold, would violate due process and would not effect the legislature's clear

intent to provide mortgagees with notice. Thus, the statute must be interpreted as requiring notice of a pending sale *and* notice may also be provided after a sale. *See Elizondo v. Read* (1992), Ind., 588 N.E.2d 501, 502–503 n. 1 (noting that IND.CODE § 6–1.1–24–4.2 requiring notice to persons with substantial interest in property repealed, but stating necessity of notification to mortgagee of a pending tax sale).

 Here, the auditor did not attempt notice until the redemption period. However the inquiry, in this particular case, does not end there. Both the United States Supreme Court and the Indiana Supreme Court have determined that a governmental body need not employ extraordinary efforts to discover the identity and address of those to whom notice is required.

*See Mennonite*, 462 U.S. at 798, 103 S.Ct. at 2711; *Miller Reeder Co. v. Farmers State Bank of Wyatt* (1992), Ind., 588 N.E.2d 506, 507; *Elizondo, supra*, 588 N.E.2d at 504 (knowledge or information contained within records maintained by auditor's office imputed to auditor, but auditor does not have knowledge nor should be required to seek information contained in records or documents not routinely maintained by or within auditor's office and should not be required to search records of other offices such as the recorder or court clerk).

In the present case there is no dispute that the proper address for Fidelity appeared on the mortgage it recorded in the office of the recorder in 1986. There is no evidence that the auditor's office had been supplied with the address. Fidelity argues that the address available in the recorder's office was a "public record" and as such it was entitled to notice at that address. Such is not the case. The auditor was not required to search the records within the office of the recorder to discover Fidelity's address.

Although Fidelity is correct that as a mortgagee it was entitled to notice of a pending sale of property in which it had a substantial interest, it is undisputed here that the auditor would have had to search records outside of the auditor's office to find a viable address for Fidelity. Under the circumstances of this particular case, no error occurred in granting summary judgment for the Suljagics.

Affirmed.

GARRARD and RUCKER, JJ., concur.