James KIRK, Marcia Kirk, Donna Sue Gall, Patty Hummer, et al., Appellants–Plaintiffs,

v.

The TOWN OF OSCEOLA, Indiana, Appellee–Defendant.

No. 71A03–9506–CV–203.

Court of Appeals of Indiana.

Aug. 26, 1996.

Lyn Leone, Notre Dame, for appellants.

Stephen L. Eslinger, Ralph A. Caruso, II, Botkin Leone & Eslinger, South Bend, for appellee.

## OPINION

HOFFMAN, Judge.

Appellants-plaintiffs, James Kirk, Marcia Kirk, Donna Sue Gall, and Patty Hummer et al.,[1] appeal the entry of summary judgment in favor of defendant-appellant Town of Osceola, Indiana. The facts relevant to review are recited below.

Essentially, the parties agree on the facts but differ as to the application of the law to the facts. On May 3, 1993, the Town of Osceola, Indiana passed an ordinance approving the annexation of real property situated adjacent to Osceola. Donna Reinholtz the Osceola Town Clerk contacted the *Mishawaka Enterprise,* a newspaper which publishes legal notices in the area, to request that the annexation ordinance be published once.

Vivian Wilson, a newspaper employee, consulted a guidebook for publication of legal notices which indicated that the annexation notice should be published twice. When an attempt to contact Reinholtz failed, Wilson contacted an employee of the Mishawaka Clerk's office who informed Wilson that the standard practice is to publish legal notices twice. Wilson scheduled the notice to appear twice: on May 6, 1993 and on May 13, 1993. Osceola was billed for two publications.

Remonstrance petitions contesting annexation ordinances must be filed within 60 days of the date of publication of the annexation ordinance. The remonstrators, who are landowners affected by the annexation, filed their complaint on July 8, 1993. The petition would be timely only if the 60–day period commenced on May 13, 1993.

Osceola filed a motion for summary judgment contending that the remonstrators failed to timely file their petition, inasmuch as only one notice was required by statute; thus, the time period commenced on May 6, 1993 and the May 13, 1993 notice was superfluous. The remonstrators responded by contending that the petition was timely filed or, in the alternative, that Osceola should be estopped from asserting the time limitation because the notice was published twice.

On February 21, 1995, the trial court granted Osceola summary judgment. This appeal ensued. Other facts appear below as necessary for consideration of the appeal.

The remonstrators raise several issues for review. The dispositive issue is whether the second notice was superfluous based upon the notice and the governing statute.

When reviewing an entry of summary judgment, this Court uses the same standard used by the trial court. *Ramon v. Glenroy Const. Co., Inc.,* 609 N.E.2d 1123, 1127 (Ind. Ct.App.1993) *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C). Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Fidelity Financial Services v. Sims,* 630 N.E.2d 572, 574 (Ind.Ct.App.1994). Where, as here, the material facts are not in dispute, the issue is the application of the law to the facts. *See id.*

The notice states: "[T]he appropriate portions of this Ordinance shall be published as soon as is practicable, and the annexation of the described territory shall be effective sixty (60) days after the last notice published pursuant to I.C. 5–3–1."

IND.CODE § 5–3–1–2(h) (1990 Supp.) provides:

> If the event is one about which notice is required to be published after the event, notice shall be published one (1) time within thirty (30) days after the date of the event.

---

1. Counsel for appellants is directed to review Ind.Appellate Rule 8.2.

■ Remonstrators focus upon the portion of the notice stating that the annexation would become effective 60 days after the "last notice published." Osceola contends that the last notice was superfluous. Placed in context, the notice states that the effective date is 60 days after the "last notice published pursuant to I.C. 5–3–1." The statute requires the publishing of only one notice. That the newspaper staff determined from outside sources that publication twice would be appropriate does not alter the plain meaning of the governing statute or the instructions given by the Osceola executive.[2] The second notice was not effective, inasmuch as the first and only notice required triggered the 60–day period. The petition filed by the remonstrators was not timely.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD and BAKER, JJ., concur.

---

2. That the taxpayers should not be required to pay for additional notices not required is evidenced by IND.CODE § 36–2–2–25 (1988 Ed.) stating: "Whenever publication of a notice, report, or statement of any kind is required and a county is liable for the cost of that publication, the executive may not make or pay for publication in more than one (1) newspaper unless publication in two (2) newspapers is required. A person who violates this section commits a Class C infraction."