**KOSCIUSKO COUNTY BOARD OF ZONING APPEALS, Appellant–Respondent,**

v.

**Greg SMITH, Appellee–Petitioner.**

No. 43A03–9905–CV–173.

Court of Appeals of Indiana.

Feb. 24, 2000.

Michael W. Reed, Reed & Earhart, Warsaw, Indiana, Attorney for Appellant.

Stephen R. Snyder, Beckman Lawson, LLP, Syracuse, Indiana, Patrick R. Hess, Beckman Lawson, LLP, Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Kosciusko County Board of Zoning Appeals (BZA), appeals the Kosciusko County Superior Court's decision reversing the BZA's determination that Greg Smith (Smith) required a variance for the replacement of an existing mobile home with a larger mobile home.

We reverse the review court's decision and remand with instructions to affirm the BZA's decision.

The facts relevant to this appeal reveal that Smith is the owner of a seasonal mobile home park in Kosciusko County. Smith has operated the mobile home park since 1970. In 1975, the BZA enacted the Kosciusko County Zoning Ordinance, which zoned the area "A" for agricultural use. The mobile home park, however, was permissible because it was a legal, pre-existing non-conforming use under the ordinance.

Sometime after 1975 but before 1998, Smith removed the sixty-foot long mobile home located on lot one and replaced it with a larger, seventy-foot mobile home which brought it within zero feet from the access road. On May 20, 1999, Smith petitioned the BZA for a special exception and a variance from the ordinance. After a public hearing, the BZA granted the variance with the conditions that all new units, their decks, patios and access buildings be situated at least fifteen feet from any roadway and that the unit located upon lot one be moved so that the mobile home would be at least ten feet from the access roadway.

On August 13, 1998, Smith filed a Petition for Writ of Certiorari with the Kosciusko County Superior Court. On January 22, 1999, the parties presented arguments to the review court and the matter was taken under advisement. On March 18, 1999, the review court issued findings and ruled that Smith's real estate was a legal pre-existing, non-conforming use and that there had not been an extension, expansion or change in the use. Therefore, the review court found that Smith did not need a variance and reversed the BZA's decision.

■ The BZA concedes that Smith's mobile home park is a pre-existing, non-conforming use. The BZA maintains, however, that when Smith removed the mobile home located on lot one and replaced it with a larger mobile home located within zero feet from the access road, Smith expanded or enlarged his non-conforming use and therefore, was required to comply with the applicable zoning ordinance or apply for a variance. Smith maintains that simply by replacing the existing mobile home with a larger mobile home, he did not expand or enlarge the use because the non-conforming use is still that the park itself is used as a mobile home park. Smith characterizes the replacement of the mobile home as permissible "intensification" of the present use. Appellee's Brief at 2.

■ A "non-conforming use" is a use of the premises which legally existed prior to the enactment of a zoning ordinance, and which is permitted to continue subsequent to the enactment of the ordinance despite the fact that it does not conform to the zoning requirements. *Wesner v. Metropolitan Dev. Comm'n* (1993) Ind.App., 609 N.E.2d 1135, 1139. Non-conforming uses, however, are not generally favored under the law because they detract from the purpose of a zoning ordinance, which is to "confine certain classes of uses and structures to certain areas." *Berkey v. Kosciusko County Bd. of Zoning Appeals* (1993) Ind.App., 607 N.E.2d 730, 732, *trans. denied.*

■ Whether Smith has the right to replace the mobile home upon unit one with a larger mobile home which is within

zero feet of the access road depends upon the specific language used in the Kosciusko County Zoning Ordinance. *Ragucci v. Metropolitan Dev. Comm'n* (1998) Ind., 702 N.E.2d 677, 680. The words in statutes are to be given their plain and ordinary meaning. *Id.*

The Kosciusko County Zoning Ordinance provides that "[a] non-conforming use may be continued, but may not be extended, expanded, or changed unless to a conforming use, except as permitted by the Board of Zoning Appeals, in accordance with the provisions of this Ordinance." Kosciusko County Zoning Ordinance § 3.61. The Ordinance further states that "[a] non-conforming use which occupies a portion of a structure or premises may be extended within such structure or premises as they exist when the prohibitory provision took effect, but not in violation of the area and yard requirements of the district in which such structure or premises are located[.]" Kosciusko County Zoning Ordinance § 5.51.

Although Smith is correct that the use in question is the mobile home park itself, we hold that each mobile home in the park also constitutes a non-conforming use as a portion of the whole use. Smith may not successfully assert that because the mobile home park is the non-conforming use, then, the mobile homes themselves are merely structures and not uses. In this case, the two are not separable.

Furthermore, section 5.51 of the Kosciusko County Zoning Ordinance clearly anticipates expansions of this nature when it uses the verbiage regarding "non-conforming use[s] which occup[y] a portion of a structure or premises...." The fact that the mobile home in question is a structure is undisputed. However, it is also used as a mobile home, which occupies the mobile home park premises. Upon expansion, it must comport with the area and yard requirements of the zoning ordinance. To allow otherwise would defeat the purpose of the zoning ordinance altogether.

Therefore, we conclude that when Smith replaced the existing mobile home with a larger one, he expanded the use and was obliged to either conform to the zoning ordinance or request a variance from the BZA. The judgment of the review court is reversed and the matter is remanded with instructions to affirm the decision of the Kosciusko Board of Zoning Appeals.

STATON, J., and BAKER, J., concur.