K. G. HORTON & SONS, INC. V. BOARD OF ZONING
APPEALS OF MADISON COUNTY, ETC., ET AL.

[No. 29,385. Filed June 13, 1956.]

*Lawrence Booram, Grace DeArmond,* of Anderson, for appellant.

No briefs filed for appellees.

EMMERT, J.—This is an appeal from a judgment of the Madison Circuit Court denying the issuance of a

writ of certiorari to the Board of Zoning Appeals of Madison County.[1] It is only necessary to consider appellant's assigned error number one (1), that "The court erred in its decision that appellant's petition does not state sufficient legal reasons for the issuance of a Writ of Certiorari directed to the appellee Board of Zoning Appeals of Madison County."

From the verified petition for the writ it appears that appellant was the owner of 77 lots in Brentwood Manor, a platted subdivision of the City of Anderson, and that Paul V. Townsend and Ruby G. Townsend were the owners of approximately 16 acres of land outside the corporate limits of Anderson, but adjoining the lands of appellants; that on August 9, 1955, the Madison County Planning Commission approved the rezoning of 9.21 acres, more or less, of said real estate, referred to as tract No. 1, from residential to business uses for the proposed establishment of a wholesale grocery warehouse, to have a right of way for ingress and egress over tract No. 2 of said Townsends. Appellant charged it had expended $34,000 in the purchase and development of its subdivsion as a residence district, and it would be necessary to expend an additional $55,000 to complete its subdivsion as planned, and that the change in the use of the Townsend real estate would damage it by lowering the value of its real estate.

A certified copy of the Zoning Ordinance adopted by the Board of County Commissioners on April 1, 1946, was attached to the petition for the writ, the first section of which stated, "This INTERIM ZONING

---

[1] The finding on which the judgment was pronounced is as follows: "The court now finds that the petition of K. G. Horton and Sons, Inc., filed herein does not state sufficient legal reasons for the issuance of a Writ of Certiorari directed to the Board of Zoning Appeals of Madison County, and the allowance of such Writ of Certiorari should be denied."

ORDINANCE, shall remain in force until the final comprehensive zoning ordinance is adopted and has taken effect, but in no case shall it continue in force for a period exceeding one year."

There was also a certified copy of the action by the Board of County Commissioners as follows:

"TO THE MADISON COUNTY PLANNING COMMISSION:

"We, the Commissioners of the County of Madison, State of Indiana, do hereby approve the Madison County Planning Commission *Intreim* Ordinance Sec. 1, for the year of 1955, beginning April 1, 1955 to April 1, 1956. Also for Jesse S. Biddle, Madison County, Auditor, to put in his minutes the report of Commissioner's finding.

(signed)   Dale Flora, President

(signed)   Fred W. Willits

(signed)   Truman Swain."

Rhetorical paragraph No. 3 of the petition for the writ alleges that "At all times herein mentioned, such Interim Zoning Ordinance Number 1 was, and is now in full force and effect." Upon this allegation, it must be assumed that the Board of Commissioners each year readopted this interim ordinance for one year only.

"Counties are involuntary political or civil divisions of the State created by general laws to aid in the administration of the State government. Their powers are created and defined by statute. The powers of the board of commissioners are limited and for any act done by them not within the scope of their powers, the county is not liable. 1 Dillon Municipal Corp., section 25; *Potts* v. *Henderson*, 2 Ind. 327; *Campbell* v. *Brackenridge*, 8 Blackf. 471; *McCabe* v. *Board, etc.*, 46 Ind. 380; *Board, etc.*, v. *Ross*, 46 Ind. 404; *Board,*

*etc.,* v. *Barnes,* 123 Ind. on pp. 406, 407, and cases cited; *Board, etc.,* v. *Allman, Admr.* 142 Ind. 573; *Trustees M. E. Church of Hoboken* v. *Mayor, etc.,* 33 N. J. L. 13 (19), 97 Am. Dec. 696 (700) ; *Stephens* v. *St. Mary's Training School,* 144 Ill. 336, on p. 344 (18 L. R. 'A. 832), and cases cited; 36 Am. Rep. 438, and note on p. 452.

"Considered with respect to their corporate powers, counties rank low down in the scale of corporate existence, and are frequently termed *quasi* corporations. [Citing authorities.]" *State ex rel. Scott* v. *Hart* (1896), 144 Ind. 107, 108, 109, 43 N. E. 7, 33 L. R. A. 118.

Section 10 of Article 6 of the Constitution, which provides "The General Assembly may confer upon the boards doing county business in the several counties, powers of a local, administrative character," is not self-executing. It is well settled by many decisions that the boards of county commissioners have only such powers as may be granted expressly by statute, or those necessarily implied to execute some expressed power. Where a statute provides the manner in which a power is to be exercised, the statutory directions must be followed to give validity to the act. *Myers* v. *Gibson* (1897), 147 Ind. 452, 454, 46 N. E. 914; *State ex rel. Wyman* v. *Hall* (1921), 191 Ind. 271, 280, 131 N. E. 821; *Cincinnati, Indianapolis & Western R. Co.* v. *Bd. of Commrs. of Fayette County* (1922), 192 Ind. 1, 6, 134 N. E. 782; *Applegate, County Auditor* v. *State ex rel. Pettijohn* (1933), 205 Ind. 122, 125, 185 N. E. 911; *Board of Commrs. of Vanderburgh Co.* v. *Sanders* (1940), 218 Ind. 43, 53, 30 N. E. 2d 713; *Eads* v. *Kumley* (1918), 67 Ind. App. 361, 367, 119 N. E. 219.[2]

---

[2] "That a board of commissioners of any county has no powers other than those expressly granted by the legislature, or neces-

Chapter 174 of the 1947 Acts, §§53-701 to 53-794, Burns' 1951 Replacement, is a comprehensive act covering the entire subject matter of zoning for ■ urban and rural areas of the state, and prior city and county zoning acts were repealed, except as to certain acts, regulations and ordinances continued in force by virtue of specific provisions of the new act. It would unduly extend this opinion to attempt any summary of the entire act or to set forth verbatim the sections material to the decision of this appeal.

Section 53-743, Burns' 1951 Replacement, provides for the validation of a master plan under prior laws and their continuation under authority of the ■ 1947 Zoning Act. However, appellant's petition for the writ disclosed there was no such master plan adopted, so this section cannot aid appellant. Section 53-766, Burns' 1951 Replacement, did provide for the continuance of prior zoning ordinances as though they had been adopted as a master plan of land use. But by the specific terms of the Interim Ordinance, it was to expire April 1, 1947. The Zoning Act of 1947 became effective August 21, 1947, and if we assume the Board of County Commissioners readopted the ordinance on April 1, 1947, the readoption would also expire in one year, or April 1, 1948. It could not have been the intention of §53-766, Burns' 1951 Replacement,

---

sarily implied from the powers granted, is well established." *Williams* v. *Willett* (1936), 102 Ind. App. 193, 204, 205, 1 N. E. 2d 664.

"Counties are local subdivisions of the State, created by the sovereign power of the State, of its own sovereign will, for governmental purpose, . . . and their powers are limited, and must be exercised in the manner provided by statute. . . . That such boards of commissioners are by statute made corporations does not change the conditions or the results, or enlarge their powers." *State ex rel. Workman* v. *Goldthait* (1909), 172 Ind. 210, 217, 87 N. E. 133.

to authorize repeated readoptions of a one-year interim zoning ordinance year after year, nor does the section purport to convert a one year ordinance into a permanent ordinance.

Section 53-732, Burns' 1951 Replacement, requires the Plan Commission to prepare a master plan for: "1. The development of public ways, public places, public structures and public and private utilities. 2. The issuance of improvement location permits on platted and unplatted lands. 3. The laying out and development of public ways and services to platted and unplatted lands." Section 53-735, Burns' 1951 Replacement, clearly indicates the master plan shall be a long range program. Subsequent sections provide for a public hearing on the master plan and a proposed ordinance for its enforcement, after which the Plan Commission shall certify both to the Board of County Commissioners for enactment according to the procedures therein required.

Section 53-760, Burns' 1951 Replacement, does provide for a tentative report by the Plan Commission, but the following section (53-761) specifically provides, "No ordinance under authority of this act shall be passed until after the final report of the plan commission has been received by the city council or the board of county commissioners."

Under the well settled law on the limited powers of boards of county commissioners, there was no express statutory power in the Board to renew an interim zoning ordinance from year to year, nor should one be implied. In fact, upon the expiration of the ordinance on April 1, 1948, it could not be readopted except as a part of a master long range plan under the procedures prescribed by the 1947 Zoning Act.[3]

---

[3] "Hence, zoning implies a *comparative permanency* of zones

It is not necessary to determine whether the record made by the Board of Commissioners purporting to extend the interim ordinance from April 1, 1955 to April 1, 1956, was in fact the adoption of an ordinance, or a resolution that had the formalities of a duly enacted ordinance. In any event it was beyond the statutory power of the Board of Commissioners and therefore void.

Section 53-788, Burns' 1951 Replacement, which empowers the trial court to "decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings . . ." authorized the court to make its finding and judgment denying the issuance of the writ of certiorari. This makes it unnecessary to discuss or decide appellant's contentions concerning the procedure used by the respondents in opposing the issuance of the writ. Since appellant's cause for the writ was based on an ordinance that was void, its petition was properly denied.

Judgment affirmed.

Landis, C. J., and Arterburn, J., concur.

Bobbitt, J., concurs in the result.

Achor, J., not participating.

NOTE.—Reported in 135 N. E. 2d 243.

and of classifications subject, always, to legislative amendments arising from changing conditions, and subject to 'variances' and 'exceptions' which may be found necessary, lawfully permitted and appropriate to be made by boards of appeals in *specific* situations." 2 Metzenbaum, Law of Zoning (2d Ed.) p. 1699.