**C. Paul HUNDT, Paul K. Haag, Joseph F. Seliga, Leon Bennett, Willard Frost, Roy Wellman, John Benczik, and Fred Wolff, Plaintiffs-Appellants,**

**v.**

**R. Paul COSTELLO, Valery J. Costello, Ella T. Costello, Erma L. Hinds, the City of Plymouth, Indiana, the Common Council of the City of Plymouth, Indiana, the City Plan Commission for the City of Plymouth, Indiana, et al., Defendants-Appellees.**

No. 3–984 A 262.

Court of Appeals of Indiana,
Third District.

July 18, 1985.

Frederick E. Rakestraw, Brown, Rakestraw & Kehoe, Rochester, for appellants.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellees.

GARRARD, Judge.

This appeal challenges the action of the trial court in sustaining a zoning ordinance amendment adopted by the City of Plymouth.

The facts are not in dispute. The City was interested in finding a site for a sanitary landfill. When Hinds and the Costellos applied to the City for permission to use their 158 acre tract for that purpose, the City determined that if it extended its jurisdictional area to the two mile limit permitted by statute,[1] the tract would be within the City's zoning jurisdiction. The City then extended its jurisdictional area to the two mile limit, thereby acquiring zoning jurisdiction of the tract in question and other land.[2]

It then enacted an amendment to the city zoning ordinance which classified the 158 acre tract as "E. Heavy Industrial" which permitted use as a sanitary landfill. In doing so it did not first amend the master plan, and the ordinance in question did not purport to zone the remainder of the newly established additional jurisdictional area. Subsequent to the commencement of this appeal, the City expressly amended its master plan and further amended its zoning ordinance to regulate the entire addition to the jurisdictional area.[3]

The appellants assert this was not legitimate zoning but, rather, constituted an attempt to designate a specific tract not previously zoned for a particular purpose.

■ We first must observe that this case does not stand on the same footing as one where a city has neither a master plan nor comprehensive zoning ordinance in place. In such instances the requirements for both master plan and *comprehensive* zoning will preclude the kind of action taken here.

Appellants assert that even in these circumstances the requirements for a master plan, IC 36–7–4–205 (advisory) void the City's action. The legislature, however, has provided otherwise. IC 36–7–4–611(a) concerning advisory planning and zoning expressly provides:

"Amendment or repeal of the zoning ordinance is considered an amendment to the comprehensive plan."

■ Appellants also assert this is "spot zoning." We agree. However, in Indiana spot zoning is not illegal per se. Instead, validity depends upon the facts and circumstances of each case. The question is whether the zoning action bears a rational relation to the public health, safety, morals, convenience, or general welfare. *Penn v. Metropolitan Plan Commission* (1967), 141 Ind.App. 387, 228 N.E.2d 25.

■ Here there is a very strong public health, convenience and general welfare purpose in the creation of a proper sanitary landfill for use by the City and its residents. The zoning was therefore not invalid as spot zoning.

A more troubling question which is alluded to in appellants' brief is whether the original action by the City was improper as "piecemeal zoning." *See, generally* 82 Am.Jur.2d, *Zoning & Planning* Section 75, pp. 513, 514. We need not address that question, however, because the City's enactment of May 13, 1985 zoning the entire addition to the jurisdictional area renders it moot. *Vesenmeir v. City of Aurora* (1953), 232 Ind. 628, 115 N.E.2d 734.

We find no error in the judgment of the trial court.

Affirmed.

STATON, P.J., concurs in result.

HOFFMAN, J., concurs.

---

1. IC 36–7–4–205 (advisory planning). The extension was possible because of prior annexations by the City into the original jurisdictional area beyond city limits.

2. While some point is made that the first recorded map of the extended area (*see* IC 36–7–4–205) was hand drawn on an earlier map and that a second map was then recorded, it is not disputed that the City accomplished the extension of the jurisdictional area.

3. These materials were brought before this court with the City's subsequent motion to dismiss the appeal as moot.