**L & W OUTDOOR ADVERTISING COMPANY, Robert Schultz, and Louise Schultz, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 36A01–8810–CV–340.

Court of Appeals of Indiana, First District.

June 14, 1989.

Rehearing Denied July 31, 1989.

Cale J. Bradford, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The defendant-appellants L & W Outdoor Advertising (L & W) and Robert Schultz and Louise Shultz (landowners) appeal from the granting of a summary judgment in favor of the plaintiff-appellee State of Indiana.

In 1987, the State, pursuant to IND. CODE 8–12–2–1 *et seq.* (the Highway Advertising Control Act of 1967) filed a cause of action seeking declaratory and injunctive relief designed to cause the removal of a billboard located on the landowners' property.

The trial court's finding of facts which are pertinent to this appeal show that:

1. This action was filed by the State of Indiana pursuant to the Highway Advertising Control Act of 1967 (IC 8–12–2–1 *et seq.*). The State's Complaint alleges that defendants Robert and Louise Schultz (the "Schultzes") own certain agricultural real estate upon which defendant L & W Outdoor Advertising Company ("L & W") has, under an agreement with the Schultzes, erected and maintained one or more billboards. The State's complaint seeks a permanent injunction enjoining the Schultzes and L & W from erecting, maintaining or leasing for the purpose of erecting or maintaining outdoor signs, displays, or devices at the billboard site. The Complaint further seeks a judgment that the action of the County Commissioners of Jackson County in rezoning the billboard site as General Business (commercial) property is contrary to law.

\*   \*   \*   \*   \*   \*

3. Upon petition by the Schultzes, on September 21, 1984, the Board of Commissioners of Jackson County changed the zoning of the billboard site from Agricultural to General Business (commercial).

4. Thereafter L & W did, under an agreement with the Schultzes, erect or

cause to be erected and maintain or cause to be maintained one or more billboards at the billboard site pursuant to a lease agreement. The parties do not dispute that said billboard(s) were erected prior to March 15, 1986.

5. There is no commercial or industrial activity other than outdoor advertising signs located within a radius of one-half of a mile from the billboard site.

6. The billboard site is not adjacent to any public road or bordered by any road and there is no access to this real estate by any public road.

7. There is no present foreseeable commercial or industrial use for the four acres described in the plaintiff's complaint other than the erection and maintenance of billboards.

8. There is no water presently available to the four acre billboard site described in plaintiff's complaint through any public utility.

9. There is no public sewage facility within any reasonable distance of the billboard site.

10. The billboard site was rezoned by the Board of Commissioners of Jackson County as commercial property solely for the purpose of erecting billboards.

11. The rezoning of the billboard as a General Business (commercial) property was done for the specific purpose of evading the Federal Highway Beautification Act of 1965.

12. The rezoning of the billboard site is not any part of a comprehensive rezoning plan.

13. The rezoning of the billboard site pertains to that spot only and is not connected to or associated with any commercial or industrial area presently in use as such within two miles of the billboard site.

14. The billboard site is located within six hundred and sixty feet of the nearest edge of the Interstate 65 right-of-way and is visible from the main traveled way of the system.

\* \* \* \* \* \*

Also in pertinent part, the trial judge's conclusions of law read:

\* \* \* \* \* \*

3. The Federal Highway Beautification Act regulates outdoor advertising within six hundred and sixty feet of the nearest edge of the interstate and primary highway systems by limiting, with some exceptions, signs, displays and devices to directional and other official notices. 23 U.S.C. § 131. Excepted from the prohibition are signs in areas "which are zoned industrial or commercial under authority of State law ..." 23 U.S.C. § 131(d). In order to insure that the individual states would actively participate in the program, Congress provided for a ten percent reduction in a state's apportionment of federal highway funds should the Secretary of the Department of Transportation determine that a state had not provided "effective control" of outdoor advertising along the federal-aid highway systems. 23 U.S.C. § 131(b).

4. In direct response to the Federal Act, the Indiana General Assembly passed the Highway Advertising Control Act of 1967 ("State Act") IC 8–12–2–1 *et seq.* The primary purpose of the State Act, as set forth in IC 8–12–2–1(a), is "that this state and its citizens will not be subject to (the Federal Act's) penalties...."

5. The billboard site is located in an "adjacent area" as that term is defined in IC 8–12–2–2(e).

6. Billboards which are erected or maintained on the billboard site are in violation of the State Act. IC 8–12–2–3.

7. The action of the Board of Commissioners of Jackson County in rezoning the billboard site as commercial property is contrary to law.

8. The State Act delegates to the Indiana Department of Highways, an agency of the State, a right of control pursuant to the State's police powers which under the facts of this case is superior to the right of the local zoning authorities.

9. The billboard site is not "zoned industrial or commercial under authority of State law ..." and is not a part of a comprehensive zoning plan and hence is not exempt from the prohibitions of the State Act and the Federal Act.

The issue on appeal is stated as:

Whether the trial court erroneously granted summary judgment in favor of the State on the basis of Indiana Code § 8–12–2–11, when that statute has a grandfather clause which clearly renders it inapplicable to billboards, such as the one at issue, which were erected before March 15, 1986.

It is the contention of L & W and the Schultzes that the billboard was legally erected and that I.C. 8–12–2–11(e) allows signs erected prior to March 15, 1986, to remain.

We are of the opinion that the issue mistakenly assumes a finding upon the part of the trial court that the initial zoning by the Jackson County Board of Commissioners was properly done in the first instance. Our reading of the findings of fact and conclusions of law as entered by the trial court inescapably leads to the conclusion that the rezoning in 1984 was improper. That being the case, the grandfather clause contained in I.C. 8–12–2–11(e) has no bearing upon the trial court's decision.

Within the context of this case, spot zoning is defined as the singling out of one piece of property for a different treatment from that accorded to similar surrounding land which is indistinguishable from it in character, all for the economic benefit of the owner of the lot or area so singled out. 82 Am.Jur.2d *Zoning & Planning* § 76, p. 516. In Indiana, spot zoning is not illegal per se if the zoning action bears a rational relation to the public health, safety, morals, convenience or general welfare. *Hundt v. Costello* (1985), Ind.App., 480 N.E.2d 284. A reading of the record, and as evidenced by the trial court's findings of fact and conclusions of law, shows a classic example of spot zoning. That, coupled with an obvious lack of redeeming features as set out in *Hundt, id.,* amply demonstrates a void act by the Jackson County Board of Commissioners in their rezoning in 1984.

Turning to an examination of decisions in other jurisdictions in which zoning authorities have engaged in what amounts to *pro forma* zoning, it is clear that local zoning authorities must conform to reality and observe the intent of both the federal and state laws concerning highway beautification.

In *South Dakota v. Volpe* (D.S.D., 1973), 353 F.Supp. 335, it was determined that the creation of a commercial corridor in an obviously agricultural area gave no protection to the traveler from billboards and that the attempt to create such a corridor was inconsistent with federal law.

In *Alper v. State ex rel Dept. of Highways* (1980), 96 Nev. 925, 621 P.2d 492, areas in the middle of the desert were zoned commercial and industrial in order to allow billboards in circumvention of the federal law. The court on appeal held, among other things, that the intent of the legislation in limiting highway advertising was a fact to be considered, that zoning must be consistent with the purposes of Congress and that the zoning change to commercial and industrial use is not without limitation. *Alper* also held that the inquiry into the status of billboard areas, in interpreting federal and state highway beautification laws, is not limited to a review of zoning ordinances but should also include reference to actual and contemplated land uses. Rezoning for which development is neither planned nor contemplated in the near future is wrong.

Also, in *Southeastern Displays, Inc. v. Ward* (1967), Ky., 414 S.W.2d 573, it was held that rezoning to commercial or industrial, for the purpose of avoiding the state law regarding highway billboards, was wrong if, in fact, the areas were not commercial or industrial in nature.

We adopt the reasoning stated in the foregoing cases and concur in the trial court's determination that the rezoning by the Jackson County Board of Commissioners was done to avoid federal and state laws relating to the regulation of billboards and that no factual basis existed or was contemplated in support of the change from an agricultural to commercial classification.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.