968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward J. KRENZELOK, Defendant-Appellant.
 No. 91-2023.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 16, 1992.*
Decided July 6, 1992.
 
 Before BAUER, Chief Judge, KANNE, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Taxpayer Edward J. Krenzelok appeals a grant of summary judgment on behalf of the United States, arguing that summary judgment was improperly entered; that preparation of an income tax return is a necessary step in the assessment process; that the Commissioner of Internal Revenue lacks tax assessment authority because such authority is not published in the Federal Register; and that the resulting tax assessment is invalid because Form 1040 and its instructions lack control numbers and expiration dates as required under the Paperwork Reduction Act, 44 U.S.C. §§ 3501-3520. We conclude that the grant of summary judgment was entirely correct and affirm the judgment of the district court.
 
 
 2
 The facts merit a brief review to establish key events. Krenzelok failed to file tax returns for tax years 1980, 1982, 1983 and 1984 claiming, after a series of property transfers to two trusts, "Kremp Company" and "Premm Company", that he earned no taxable income and that he possessed property worth no more than $500. According to an affidavit supporting the government's summary judgment motion, the Internal Revenue Service (IRS) provided Krenzelok with the requisite notices of assessment and demands for payment for each tax year in question. Because Krenzelok has failed to pay the taxes due, the United States filed this civil action to reduce the tax assessments to judgment and to foreclose a federal tax lien against Krenzelok's interest in two parcels of real property.
 
 
 3
 As the lawsuit proceeded, the district court held a scheduling conference on August 3, 1990, at which Krenzelok and representatives of the government appeared. The scheduling order stated that all parties "must complete all discovery, except that of expert witnesses, on or before February 1, 1991." The order also stated that all dispositive motions were to be filed "on or before March 1, 1991." On November 9, 1990, the government moved for summary judgment, accompanied by an affidavit to support the various assessments, the trust documents, and Krenzelok's belated responses to the government's requests for admissions. The motion also contained, as required under the local rules, a statement that uncontroverted affidavits "will be accepted by the court as true" and a copy of Fed.R.Civ.P. 56(e) and (f). Local Rule 6.01 of the District Court for the Northern District of Illinois requires the nonmoving party to file any opposition to the motion within fourteen days or lose the right to respond. Krenzelok failed to file any 6.01 response. Krenzelok also did not seek an extension of time in which to file a response, nor did he request a continuance under Rule 56(f) for further discovery to support a response. On January 22, 1992, the district court granted the government's motion for summary judgment concluding that the government had "adequately established Krenzelok's tax liability" and had provided all necessary information to support the assessments. The court noted that Krenzelok "failed to produce any evidence to overcome the presumption" that the assessments were valid.[1] The court also found that the government had made an unopposed showing that Kremp Company, the entity to which the Krenzelok real property was purportedly conveyed, was an "alter ego" of Krenzelok and that Krenzelok possessed the ownership interest in the two parcels of real estate. Judgment was entered on April 8, 1991 against Krenzelok, permitting foreclosure to aid in the satisfaction of his $286,885.90 tax obligation (plus statutory per diem interest).
 
 
 4
 Our review of a district court's grant of summary judgment is de novo. Pro-Eco v. Bd. of Comm'rs of Jay County, Ind., 956 F.2d 635, 637 (7th Cir.1992). Under Fed.R.Civ.P. 56(c), summary judgment is proper where the record shows there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a grant of summary judgment, we view the record and all inferences drawn from it in the light most favorable to the party opposing the motion. Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990).
 
 
 5
 Krenzelok initially argues that summary judgment is prohibited while the discovery period remains open under a pretrial scheduling order. Krenzelok relies on the district court's order setting final completion dates for discovery and dispositive motions, ignoring the "on or before" language in each instance. Krenzelok also insists that his answer to the government's complaint, challenging the procedural validity of the underlying assessments, suffices as a response to the motion for summary judgment and creates a genuine issue of material fact.
 
 
 6
 Krenzelok is incorrect. The government, as the moving party, bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record together with any affidavits, which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Having done that, Krenzelok, as the opposing party, must go beyond the pleadings and affirmatively set forth the facts that show the existence of a genuine issue suitable for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 322-26; Randle v. LaSalle Telecommunications, Inc., 876 F.2d 563, 567 (7th Cir.1989). Krenzelok was fully apprised of the consequences of failing to respond to the summary judgment motion and elected to waive the right to respond. See Timms v. Frank, 953 F.2d 281, 285 (7th Cir.1992), cert. denied, 60 U.S.L.W. 3812 (U.S. June 2, 1992) (No. 91-1685).
 
 
 7
 Further, our review of the record supports the district court's grant of summary judgment. Krenzelok's three challenges to the procedural validity of the assessments are completely frivolous.[2]
 
 
 8
 The notion that a tax return is an prerequisite to a valid assessment is not supported by legal authority or common sense. We have specifically held that § 6020 of the Internal Revenue Code (Code), 26 U.S.C. § 6020, which grants authority to the Secretary to execute a return on behalf of an errant taxpayer, does not place a mandatory obligation on the Secretary to file a return before issuing a statutory notice of deficiency in a criminal failure-to-file prosecution. United States v. Verkuilen, 690 F.2d 648, 657 (7th Cir.1982) (citing Hartman v. Comm'r, 65 T.C. 542 (1975)). Other courts have routinely applied this principle in both the civil and criminal context. See, e.g., Roat v. Comm'r, 847 F.2d 1379, 1381 (9th Cir.1988); Smalldridge v. Comm'r, 804 F.2d 125, 127 n. 2 (10 Cir.1986); Moore v. Comm'r, 722 F.2d 193, 196 (5th Cir.1984); and Hartman, 65 T.C. at 546-47. Deficiency procedures set out in §§ 6211-6213, and their relevant regulations, specifically contemplate assessment in the absence of a tax return. See Laing v. United States, 423 U.S. 161, 174 (1976) (citing Treas.Reg. § 301.6211-1(a)). To impose an affirmative obligation on the Secretary to prepare a tax return for taxpayers would undermine our tax system's cornerstone of "voluntary self-reporting" and would create an unnecessary administrative burden. Roat, 847 F.2d at 1382; Verkuilen, 690 F.2d at 657.
 
 
 9
 Delegation orders which internally delegate authority to enforce Internal Revenue laws are not required to be published in the Federal Register. See Lonsdale v. United States, 919 F.2d 1440, 1446-1447 (10th Cir.1990). Furthermore, our tax laws are probably the most widely publicized and readily accessible body of federal law. The Code provides that the term "Secretary" refers to the Secretary of the Treasury or his delegate. 26 U.S.C. § 7701(a)(11)(B). A "delegate" means any officer, employee or agency of the Treasury Department. 26 U.S.C. § 7701(a)(12)(A). The regulations amplifying the sections at issue in this case have all been duly published in the Federal Register. See, e.g., Treas.Reg. § 301.6212-1(a) (Commissioner's authority to issue notices of deficiency first published in 20 Fed.Reg. 28, 32 on Jan. 4, 1955).
 
 
 10
 Finally, the claim that a valid assessment may not be made in the absence of a filed return because tax forms did not carry Office of Management and Budget (OMB) control numbers has been rejected by this court as "patently frivolous." See Cameron v. IRS, 593 F.Supp. 1540, 1556 (N.D.Ind.1984), aff'd, 773 F.2d 126, 129 (7th Cir.1985) (assessment and collection of taxes excepted from OMB number requirement under 44 U.S.C. § 3518(c)(1)(B)(ii) as collection of information during conduct of an administrative action or investigation involving an agency against specific individuals or entities).
 
 
 11
 Summary judgment is not a "disfavored procedural shortcut" but an "integral part of the Federal Rules." Celotex, 477 U.S. at 327. Krenzelok was adequately warned of the consequences of failing to respond to the summary judgment motion and over two months passed without a response. He neither requested an extension of time to respond nor asked for a continuance to obtain relevant discovery. Krenzelok failed to offer any evidence to rebut, or even undermine, the validity of the government's assessments and waived his right to respond. The district court, faced with the government's uncontroverted affidavit and exhibits, properly considered and granted summary judgment. The judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 This case was originally scheduled for oral argument on January 16, 1992. The court granted the appellee's motion to waive oral argument after consideration of the motion, briefs, and record. See Fed.R.Civ.P. 34(a); Circuit Rule 34(f). The appellant subsequently filed a motion for reconsideration, which was denied. This appeal is submitted on the briefs and record
 
 
 [1]
 The district court's opinion and order mistakenly states that the time for discovery had passed. Krenzelok never brought this misstatement to the district court's attention and the only outstanding discovery consisted of Krenzelok's request for income tax returns prepared in his name. The parties agree that no returns have been filed for the years in dispute and, accordingly, the district court's misstatement is immaterial
 
 
 [2]
 Krenzelok fails to present any argument on appeal with respect to the district court's determination that Kemp Company existed as Krenzelok's "alter ego." The failure to raise, or argue, an issue on appeal results in its waiver. Deeming v. American Standard, Inc., 905 F.2d 1124 (7th Cir.1990)