**REEDER & ASSOCIATES, Appellants,**

v.

**James P. LOCKER, et al., Arthur Reasor, Appellees.**

**No. 71A03–8812–CV–382.**

Court of Appeals of Indiana, Third District.

Aug. 30, 1989.

Patrick T. McFadden, South Bend, for appellants.

James R. Kuehl, South Bend, for appellees.

GARRARD, Presiding Judge.

In August of 1973 Arthur Reasor (mortgagee) sold property to James and Marga-ret Locker (mortgagors). This was secured through a purchase money mortgage for $178,000. The mortgage was recorded on August 15, 1973.

In July of 1981 the auditor of St. Joseph County sent a notice of tax delinquency and sale to the mortgagors at the last known address which was shown on the property transfer books. The notice was returned to the auditor because the mortgagors' forwarding address had expired. No notice was sent to the mortgagee. However, notice of sale was published in a newspaper of general circulation and was posted on the wall of the courthouse.

On August 10, 1981, Reeder & Associates (Reeder) purchased the property in question at a tax sale and was issued a tax certificate. On August 11, 1983, Reeder received a tax deed to the property. Subsequently Reeder filed suit seeking to quiet title to the property.

The mortgagors and mortgagee moved for summary judgment claiming insufficiency of notice of the tax sale. After argument was heard, the trial court denied mortgagors' motion for summary judgment but granted mortgagee's motion. The trial court found that the mortgagors' notice was sufficient[1] but the failure to attempt to notify the mortgagee unconstitutionally deprived him of notice of an impending tax sale.

Reeder appeals the grant of summary judgment to the mortgagee and raises one issue for our review: Whether the court erred in granting mortgagee's motion for summary judgment based on failure to notify when IC 6–1.1–24–4.2 (1982) provided a vehicle by which, if complied with, the mortgagee would have received notice of the tax sale.

In 1980, the Indiana legislature adopted the statute which was in effect at the time of the present action; it has since been

---

1. The trial court stated in its order:

    The undisputed facts show that the auditor attempted to serve notice by mail to the last and usual address of the defendants Locker but that the mail article was returned as unde-liverable with the stamp 'Forwarding Order Expired' thereon. This attempt fully satisfies the law of notice.

changed.[2] IC 6–1.1–24–4.2 (1982) provided that:

> Sec. 4.2(a)  In addition to the notice required by sections 3 and 4 of this chapter, the county auditor shall send a notice of sale to any mortgagee of real property which is subject to sale under the provisions of this chapter, if the mortgagee, annually, on a form prescribed by the state board of accounts, has:
>
> (1) requested that notice of sale of the real property be sent to him; and
>
> (2) agreed to pay to [sic] a fee to the county auditor, to cover the cost of sending notice.
>
> (b) The county auditor shall send notice of sale to the mortgagee's last known address by certified mail.  The county auditor shall prepare the notice in the form prescribed by the state board of accounts, and he shall mail the notice at least twenty-one (21) days before the date of sale. (As added by Acts 1980, P.L. 45, SEC. 1, effective January 1, 1981.)

The mortgagee in the present case did not request that notice of sale of the real estate be sent to him nor did he agree to pay a fee to the county auditor.  Consequently, the mortgagee received no notice of tax delinquency and subsequent sale. The trial court held that the failure of the county auditor to attempt to notify the mortgagee unconstitutionally deprived him of notice of the impending tax sale.

Reeder argues that the due process clause of the fourteenth amendment did not require the auditor to mail to the mortgagee notice of an impending tax sale when the mortgagee did not make the proper requests on the forms available in the auditor's office pursuant to IC 6–1.1–24–4.2 (1982).  The mortgagee contends that notwithstanding the statute, the failure to make a reasonable attempt to notify him of the tax sale amounted to an unconstitutional deprivation of property without due process of law as defined in *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791,

103 S.Ct. 2706, 77 L.Ed.2d 180.  The court in *Mennonite* stated:

> [P]rior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865.

462 U.S. at 796, 103 S.Ct. at 2710.

In *Mennonite* no notice was mailed to the mortgagee because Indiana law did not provide for notice by mail or personal service to mortgagees of property that was to be sold for nonpayment of taxes.  This was changed in 1980 with the adoption of IC 6–1.1–24–4.2, the statute which is the subject of the pending action.  In *Mennonite*, the Supreme Court held that a mortgagee has a legally protected property interest and is entitled to notice reasonably calculated to apprise him of a pending tax sale. *Mennonite*, 462 U.S. at 799, 103 S.Ct. at 2711.

The question before us now is whether the notice provided for in IC 6–1.1–24–4.2 (1982) was reasonably calculated to apprise the mortgagee of the pendency of the tax sale and afford him an opportunity to present his objections.

In *Mennonite* the court held that when the mortgagee is identified, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known address or by personal service.  462 U.S. at 799, 103 S.Ct. at 2711–12.  The court went on to hold:

> Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in

---

**2.** This section was subsequently amended in 1986 and then was repealed by P.L. 83–1989,

§ 18, effective May 5, 1989.

commercial practice, if its name and address are reasonably ascertainable.

462 U.S. at 801, 103 S.Ct. at 2712.

In the present case no notice was provided because the mortgagee did not comply with IC 6–1.1–24–4.2 (1982), not because the mortgagee's address was not reasonably ascertainable. Reeder argues that if the mortgagee would have followed the necessary procedures of the statute his due process rights would have been protected. We are not persuaded by this argument because the mortgagee's due process rights, as defined in *Mennonite*, found no protection in IC 6–1.1–24–4.2 (1982). After *Mennonite* a mortgagee is required to receive actual notice of tax sale unless the mortgagee's address is not reasonably identifiable.

Constitutional protection exists not only when a mortgagee complies with the former IC 6–1.1–24–4.2 (1982); it exists any time an action which will affect a property interest protected by the due process clause of the U.S. Constitution occurs. Since a mortgagee has a legally protected property right, notice of an impending tax sale was required whether or not the mortgagee complied with IC 6–1.1–24–4.2 (1982). "[A] party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." *Mennonite*, 462 U.S. at 801, 103 S.Ct. at 2712–13.

Since actual notice by mail or personal service was required because the mortgagee was easily identifiable and no notice was provided, we hold that the mortgagee was denied due process of the law. Therefore, the trial court's grant of mortgagee's motion for summary judgment was proper.

Affirmed.

STATON and HOFFMAN, JJ., concur.