**MILLER REEDER CO., Appellant (Defendant/counterclaimant),**

v.

**FARMERS STATE BANK OF WYATT, Appellee (Plaintiff).**

No. 71A03–8905–CV–178.

Court of Appeals of Indiana, Third District.

Oct. 30, 1989.

Rehearing Denied Jan. 10, 1990.

Patrick T. McFadden, McFadden and McFadden, South Bend, for appellant (defendant/counterclaimant).

Michael E. Williams, Thomas J. Costakis, Krieg, DeVault, Alexander and Capehart, Indianapolis, for appellee (plaintiff).

HOFFMAN, Judge.

Defendant / counterclaimant - appellant Miller Reeder Company appeals the trial court's decision granting summary judgment in favor of Farmers State Bank of Wyatt.

The facts relevant to this appeal disclose that on June 21, 1978, the Nieubuurts executed a promissory note in favor of Farmers State Bank of Wyatt (hereinafter referred to as Farmers Bank). To secure payment of such note, the Nieubuurts also executed and delivered a mortgage on the real estate to Farmers Bank on June 21, 1978. The mortgage was duly recorded on June 29, 1978 in the Office of the Recorder of St. Joseph County, Indiana.

The Nieubuurts failed to pay the real estate taxes and on August 10, 1981, the real estate was sold at a tax sale to Miller Reeder. Notice of the tax sale had been published in a newspaper of general circulation and posted on the wall of the courthouse. Farmers Bank did not receive notice of the tax sale from the Auditor of St. Joseph County, Indiana.

On July 9, 1983, John G. Nieubuurt and Farmers Bank executed a Loan Extension Agreement.

On August 23, 1983, Miller Reeder was issued a tax title deed to the real estate from the Auditor of St. Joseph County, Indiana. Miller Reeder recorded the deed on August 26, 1983.

Farmers Bank filed a complaint on promissory note and for foreclosure on real estate mortgage on January 9, 1986. Miller Reeder was named as a defendant to answer as to its interest in the real estate.

Miller Reeder filed an answer and counterclaim to quiet title on the basis of its tax sale purchase of the real estate. Miller Reeder filed a motion for summary judgment. On August 11, 1988, the trial court granted summary judgment in favor of Farmers Bank.

Appellant raises the following issue for review: whether Farmers Bank's due process rights were violated by failure of the Auditor of St. Joseph County to send it notice of the tax sale.

This issue was recently addressed in *Reeder and Associates v. Locker* (1989), Ind.App., 542 N.E.2d 1371. The mortgagee in *Reeder*, Arthur Reasor, did not receive notice of the tax sale. As in this case, Reasor, the mortgagee, held a valid duly recorded mortgage. The St. Joseph County Auditor failed to provide Reasor with notice of the pending tax sale.[1]

The Indiana statute governing the notice of sale to persons having a substantial property interest of public record at the time of this tax sale read:

"Sec. 4.2(a) In addition to the notice required by sections 3 and 4 of this chapter, the county auditor shall send a notice of sale to any mortgagee of real property which is subject to sale under the provisions of this chapter, if the mortgagee, annually, on a form prescribed by the state board of accounts, has:

(1) requested that notice of sale of the real property be sent to him; and

(2) agreed to pay a fee to the county auditor, to cover the cost of sending notice....

(b) The county auditor shall send the notice of sale to the mortgagee's last known address by certified mail. The county auditor shall prepare the notice in the form prescribed by the state board of accounts, and he shall mail the notice at least twenty-one (21) days before the date of sale." [As added by Acts 1980, P.L. 45, SEC. 1, effective January 1, 1981.]

IND.CODE § 6–1.1–24–4.2 (1982).

This statute, which was amended in 1986, has now been repealed.[2]

Appellant argued in *Reeder*, as in this case, that the Due Process Clause of the Fourteenth Amendment did not require the

---

1. The tax sale involved in *Reeder* is the same tax sale to which Farmers Bank did not receive notice. Therefore, appellant-purchaser at the tax sale is the same appellant in both of these cases.

2. IND.CODE § 6–1.1–24–4.2 was repealed by P.L. 83–1989, Sec. 18, effective May 5, 1989.

auditor to mail to the mortgagee notice of an impending tax sale when the mortgagee did not make the proper requests on the forms available in the auditor's office pursuant to IND.CODE § 6–1.1–24–4.2 (1982). The mortgagee in *Reeder* and the mortgagee in this case contend that the failure to make a reasonable attempt to notify them of the tax sale amounted to an unconstitutional deprivation of property without due process of law.

The *Reeder* court relied on the holding in *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 799, 103 S.Ct. 2706, 2711, 77 L.E.2d 180, that a mortgagee has a legally protected property interest under the Due Process Clause of the Fourteenth Amendment and thus, is entitled to notice reasonably calculated to apprise him of a pending tax sale.

> "After *Mennonite* a mortgagee is required to receive actual notice of tax sale unless the mortgagee's address is not reasonably identifiable.
>
> Constitutional protection exists not only when a mortgagee complies with the former IC 6–1.1–24–4.2 (1982), it exists any time an action which will affect a property interest protected by the due process clause of the U.S. Constitution occurs. Since a mortgagee has a legally protected property right, notice of an impending tax sale was required whether or not the mortgagee complied with IC 6–1.1–24–4.2 (1982)."
>
> *Reeder, supra,*

Since Farmers Bank's address was readily identifiable, actual notice by mail or personal service was required. Lack of this notice violated Farmers Bank's due process rights as a mortgagee. The trial court's grant of summary judgment in favor of the mortgagee, Farmers Bank, was proper.

Affirmed.

GARRARD, P.J., and STATON, J., concur.