**MILLER REEDER CO., Appellant,**
**(Defendant below)**

v.

**FARMERS STATE BANK OF WYATT,**
**Appellee. (Plaintiff below)**

No. 71S03–9203–CV–190.

Supreme Court of Indiana.

March 23, 1992.

Patrick T. McFadden, South Bend, for Miller Reeder Co.

Michael E. Williams and Thomas J. Costakis, Krieg DeVault Alexander & Capehart, Indianapolis, for Farmers State Bank of Wyatt.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Defendant–Appellant, Miller Reeder Co. ("Miller Reeder") seeks transfer from the Court of Appeals' affirmance of the trial court's grant of summary judgment in favor of Farmers State Bank of Wyatt ("the Bank"). *Miller Reeder Co. v. Farmers State Bank of Wyatt* (1989), Ind.App., 545 N.E.2d 593. Miller presents one issue for our review: Whether the county auditor's failure to send notice by mail regarding the tax sale of the property in question to the Bank, which held a mortgage on the property, violated the Bank's due process rights. At the time of the tax sale, *Ind. Code* § 6–1.1–24–4.2 provided that any mortgagee wishing to be notified of tax delinquency and tax sale must annually request such notice on a form provided by the county auditor's office and agree to pay a small fee to cover mailing if such notice were sent. We accept transfer and reverse.

On June 21, 1978, the Neiubuurts executed a promissory note in favor of the Bank. To secure payment of the note, they also executed and delivered a mortgage on real estate to the Bank. The Bank recorded this mortgage in the office of the Recorder of St. Joseph County on June 29, 1978. After several years, the Neiubuurts fell delinquent in the payment of the real estate taxes due on the property. On August 10, 1981, the subject property was sold at tax sale to Miller Reeder. There is

no dispute that the Bank did not receive notice of either the tax delinquency or the tax sale from the Auditor of St. Joseph County. It is also undisputed that the Bank made no request for such notice from the auditor as provided by *Ind Code* § 6-1.1-24-4.2. Notice of the tax sale had been published in a newspaper of general circulation and posted on the wall of the courthouse in accord with statutory requirements.

On July 9, 1983, the Neiubuurts and the Bank executed a loan extension agreement whereby Mr. Neiubuurt promised and agreed to pay the outstanding balance on the original promissory note of $10,557, with installments beginning in August of 1983 and concluding in July of 1988.

On August 23, 1983, Miller Reeder was issued a tax sale deed to the real estate from the St. Joseph County Auditor. Miller Reeder recorded its deed on August 26, 1983.

In January of 1986, the Bank filed a complaint to foreclose against Neiubuurt, naming Miller Reeder as a party defendant. Miller Reeder filed a counterclaim to quiet title to the subject property. The trial court entered summary judgment in the Bank's favor. Miller Reeder appealed. The Court of Appeals held that because the Bank's address could have been easily obtained from the mortgage, actual notice by mail or personal service was necessary to meet due process requirements.

In accord with our decision in *Elizondo v. Read* (1992), Ind., 588 N.E.2d 501, handed down simultaneously with this opinion, and for the reasons stated therein, we hold that Farmers Bank was not denied its due process rights when the auditor failed to send notice regarding the tax sale or issuance of tax deed. It is undisputed that the county auditor acted in conformance with the requirements of the notice statute in effect at the time. It is also undisputed that the Bank made no request to the auditor, under the provisions of the statute, to receive notice. Farmers Bank was not deprived of its constitutional due process rights, and summary judgment was thus improperly entered in the Bank's favor.

We, therefore, accept transfer, vacate the opinion of the Court of Appeals, and reverse the entry of summary judgment in the Bank's favor.

SHEPARD, C.J., DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents, with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent to the majority opinion in this case for the same reasons I dissented in the case of *Elizondo v. Read* (1992), Ind., 588 N.E.2d 501. As in *Elizondo*, a minimal inquiry would have produced the correct address of the mortgagee.

I therefore would deny transfer.